IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. Civil Action No.: 1:24-cv-02811

URBAN INTERESTS LLC, individually and on
behalf of all other similarly situated,

    Plaintiffs,

v.

FLUID MARKET INC.,
FLUID FLEET SERVICES, LLC,
JAMES EBERHARD,
JENNIFER SNYDER, and THOMAS
SCOTT AVILA,

    Defendants.

---

**DEFENDANTS EBERHARD'S AND SNYDER'S RESPONSE IN NON-OPPOSITION TO FLUID DEFENDANTS' MOTION TO TRANSFER ACTION TO THE DISTRICT OF DELAWARE PURSUANT TO 28 U.S.C. § 1412 AND 28 U.S.C. § 1404(a)**

---

Defendants James Eberhard ("Eberhard") and Jenifer Snyder ("Snyder") (together the "Former Officers" or "Former Officer Defendants"), hereby respond to Defendants Fluid Market, Inc. and Fluid Fleet Services, LLC (together "Fluid Truck" or "Fluid Defendants") Motion to Transfer Action to the District of Delaware Pursuant to 28 U.S.C. § 1412 and § 1404(a) [ECF 17] (the "Motion to Transfer") as follows.

### I.   CERTIFICATION OF CONFERRAL

Undersigned counsel certifies that Former Officer Defendants, through counsel, conferred with Plaintiff, through counsel, on Friday, December 6, 2024, regarding the applicability of the Motion to Transfer to Former Officer Defendants. During the December 6, 2024 conferral, Plaintiff, through counsel, confirmed its understanding that the Motion to Transfer applied to Former Officer Defendants, and Former Officer Defendants, through counsel, confirmed their understanding was the same and that the Motion to Transfer, if granted, would transfer the Action as to all Defendants in its entirety.

**II.    INTRODUCTION**

Based on their review of the Motion to Transfer, the Former Officers reasonably understand the Motion to be seeking the transfer of this *entire* Action to the District Court for the District of Delaware (as opposed to impliedly seeking a bifurcation of the case and transfer of only the Fluid Defendants). The Former Officers file this statement of Non-Opposition to clarify that they do not oppose transfer of the entire case to Delaware. To the contrary, for the reasons set forth herein, the Former Officers believe that transfer is appropriate pursuant to 28 U.S.C. § 1412 and 28 U.S.C. § 1404(a).

**III.   BACKGROUND**

The putative class action Complaint in this action [ECF 1] (the "Complaint") asserts claims against Fluid Truck, the Former Officers (Fluid Truck's former CEO and General Counsel, respectively), and Defendant Scott Avila ("Avila") (Fluid Truck's interim CEO). The Complaint asserts claims for relief for: (1) fraud against Fluid Truck and the Former Officers (ECF 1 at ¶¶ 49-55); (2) civil theft against all Defendants (*id.* at ¶¶ 56-62); (3) conversion against all Defendants (*id.* at ¶¶ 63-69); (4) "money had and received" against Fluid Truck (*id.* at ¶¶ 70-74); and (5) injunctive and declaratory relief against all Defendants (*id.* at ¶¶ 75-79).

Six days after filing the Complaint, Fluid Truck commenced *In re Fluid Market, Inc., et al.*, Case No. 24-12363 (the "Bankruptcy Case") in the Delaware Bankruptcy Court on October 16, 2024 with the filing of voluntary chapter 11 petitions. *See* ECF 12. On November 18, 2024 Fluid Truck filed the Motion to Transfer. ECF 17.

**IV.    LEGAL STANDARD**

Both 28 U.S.C. § 1412 and 28 U.S.C. § 1404(a) allow a district court to transfer a case or proceeding "in the interest of justice or for the convenience of the parties." *See In re Hechinger Inv. Co. of Delaware, Inc.*, 296 B.R. 323, 325 (Bankr. D. Del. 2003); *Shaver v. Orthodontic Ctrs.*

- 2 -

*of Colo., Inc.*, No. 06-cv-00151, 2007 WL 38665, at *2 (D. Colo. Jan. 4, 2007). "[A] determination of whether to transfer venue under § 1412 turns on the same issues as a determination under § 1404(a) which permits a court to transfer a civil action '[f]or the convenience of the parties and the witnesses [or] in the interest of justice.'" *Id.*, citing *In re Centennial Coal, Inc.*, 282 B.R. 140, 144 (Bankr. D.Del. 2002) (quoting 28 U.S.C. § 1404(a)).

The biggest difference between the statutes is an additional requirement under § 1404(a) that an action may be transferred to any place where venue could have been brought originally. *City of Liberal, Kansas v. Trailmobile Corp.*, 316 B.R. 358, 362 (D. Kan. 2004). "In the Tenth Circuit, the moving party seeking transfer pursuant to § 1404(a) must show that (1) the action could have been brought in the alternate forum, (2) the current forum is inconvenient, and (3) the interests of justice are better served in the alternate forum." *Aurora Bank, FSB v. Universal Am. Mortg. Co.*, Civil Action No. 12-cv-02067-CMA-MJW, 3 (D. Colo. Nov. 19, 2012).

## V.   THE FORMER OFFICERS SUPPORT TRANSFER OF THE ACTION.

As emphasized by Fluid Truck in its Motion to Transfer, transfer pursuant to § 1412 is particularly appropriate because the present Action is a core-proceeding to the Bankruptcy case. ECF No. 17 at p. 8, FN 4; *see also* 28 U.S.C. § 157(b)(2) (defining core proceedings as including "orders to turn over property of the estate" and "proceedings to determine, avoid, or recover fraudulent conveyances," etc.). Each of the claims for relief are asserted against the Fluid Truck (i.e. the Debtor) (28 U.S.C. § 157(b)(2)(B)) and integrally involves a determination as to the property of the estate (i.e., the assets of the Debtor). *See* ECF 1 at ¶¶ 49-79. Ultimately, the outcome is the same regardless of whether the Court applies § 1404(a) or § 1412. This Action should be transferred to Delaware because consideration of the relevant factors under both § 1412 and § 1404(a) support granting the Motion to Transfer.

### A. The Case Should Be Transferred in the Interest of Justice and for the Convenience of the Parties.

The interest of justice and convenience of the parties supports transfer under both § 1412 and § 1404(a). In determining whether transfer of venue will serve the interests of justice, courts consider factors such as: "(a) the economic administration of the bankruptcy estate; (b) the presumption in favor of trying cases "related to" a bankruptcy case in the court in which the bankruptcy is pending; (c) judicial efficiency; (d) ability to receive a fair trial; (e) the state's interest in having local controversies decided within its borders; (f) enforceability of any judgment rendered; and (g) the plaintiff's original choice of forum." *See Shaver v. Orthodontic Ctrs. of Colo., Inc.,* No. 06-cv-00151, 2007 WL 38665, at *2, quoting *Blanton v. IMN Financial Corp.*, 260 B.R. 257, 267 (2001). Looking at all of the relevant factors, the interests of justice support granting the Motion to Transfer.

Here, there are two different presumptions that apply to the present Motion to Transfer. First there is a presumption that the proper venue for a proceeding is the district in which the underlying bankruptcy case is pending. *Hohl v. Bastian*, 279 B.R. 165 (W.D. Penn. 2002). On the other hand, there is also a "strong presumption in favor of the Plaintiff's choice of forum." *Official Committee of Asbestos Claimants v. Heyman*, 306 B.R. 746 (S.D.N.Y. 2004). The effect of applying both presumptions is "the two presumptions effectively cancel each other out, and the motion will accordingly be decided on the basis of the remaining factors." *Id*. at 750.

Regardless, balancing the remaining factors shows that the case should be transferred in the interests of justice. For one, economic administration of the bankruptcy estate supports transfer. Each claim for relief in the Complaint is asserted against Fluid Truck (i.e. the Debtor) and involves property—i.e. Fluid Truck's assets—of the estate. Because a determination in this case will affect the property of the estate, not transferring the action would hamper the

administration of Fluid Truck's estate.

Due to the interrelatedness of the pending action with the bankruptcy action (*see* ECF 17 at pp. 6-7), judicial economy would also be served by having all related matters in controversy decided in one forum and spare the duplication of judicial resources.  The Delaware Bankruptcy Court also has a strong connection to the subject matter of the case and specializes in the types of claims regarding the debts that are at issue in the case, including for example, whether the pending bankruptcy action was initiated as a "scheme" to "prevent repayment for Fluid Truck's widespread theft" as Plaintiff alleges.  *See, e.g.*, ECF 1 at ¶¶ 32-38.  As such, the Trustee is best positioned to resolve the claims at issue and transfer is warranted for the convenience of the Parties in view of the allegations and claims at issue.

The Former Officers' ability to receive a fair trial also warrants transfer.  For one, prejudice will result to the Former Officers if the case is not transferred and the case proceeds against the remaining Defendants while the automatic stay is in place with respect to Fluid Truck.  The case also cannot proceed against the individual Defendants without Fluid Truck because one or both of the Fluid Defendants are a required party to each of the claims asserted against the Former Officers. *See* ECF 1 at ¶¶ 49-79; *c.f.* Fed. R. Civ. P. 19(a). Fluid Truck's assets will not be available to satisfy any judgment in favor of Plaintiff until the Bankruptcy Case is completed.

The convenience of the Parties also supports transfer of the Action to the district whether the Fluid Defendants bankruptcy is pending because each cause of action raises discovery issues with regard to the Fluid Defendants that involves or impacts property of the estate, and a majority of the documents and communications that are relevant to the asserted claims are also relevant to the bankruptcy proceeding and are in the possession, custody, and control of the Fluid Defendants.

### B.   The Complaint Could Have Been Brought in the District of Delaware.

The main difference between § 1404(a) and § 1412 is that § 1404(a) provides that the action

- 5 -

may be transferred "to any other district or division where it might have been brought." Accordingly, even if the Court were to determine that this Action is not a "core-proceeding" to the Bankruptcy case such that § 1412 applies, transfer is still appropriate under § 1404(a) in view of the same reasons set forth *supra* because the Action could have been brought in the District of Delaware. *See* 28 U.S.C. 1404(a).

Here, the Action could have been brought in the District of Delaware first because personal jurisdiction could be obtained with respect to each of the defendants. *See* Del. Code Tit. 10 § 3114(b) ("[e]very nonresident of this State who after January 1, 2004, accepts election or appointment as an officer of a corporation organized under the laws of this State, or who after such date serves in such capacity, […] shall, by such acceptance or by service, be deemed thereby to have consented to the appointment of the registered agent of such corporation (or, if there is none, the Secretary of State) as an agent upon whom service of process may be made in all civil actions or proceedings brought in this State, by or on behalf of, or against such corporation, in which such officer is a necessary or proper party, or in any action or proceeding against such officer for violation of a duty in such capacity, whether or not the person continues to serve as such officer at the time the suit is commenced." The District of Delaware could therefore obtain personal jurisdiction over Defendants Eberhard and Snyder as former officers of Fluid Truck. *See* ECF 1 at ¶¶ 5-6.

In addition to personal jurisdiction, the District of Delaware also has subject matter diversity jurisdiction over the claims (*see, e.g.*, *id.* at ¶¶ 2-8) and venue would also be proper (*see, e.g.,* ECF 17 at p.8, FN 3). Under 28 U.S.C. § 1391(b), "[a] civil action may be brought in" a district satisfying one of three options. Here, because the Delaware Bankruptcy Court has exclusive jurisdiction over Fluid Defendants' assets that are also the subject of the allegations in

the Complaint (*see, e.g.*, ECF 1 at ¶¶ 25, 27, 32 34), venue is proper under 1391(b)(2). The same venue analysis applies to all defendants. Accordingly, because venue in Delaware is proper under 1391(b)(2) and the District of Delaware has personal jurisdiction over the defendants and subject matter jurisdiction over each of the claims for relief, this Action could have been initially filed in the District of Delaware and transfer is appropriate under § 1404(a).

## VI.  CONCLUSION

For the foregoing reasons, the Court should grant the Motion to Transfer and enter an Order transferring this Action to the Delaware District Court for referral to the Delaware Bankruptcy Court.

Respectfully dated this 9th day of December, 2024.

KUTAK ROCK LLP

By: */s/ Chad T. Nitta*
Chad T. Nitta, # 31921
chad.nitta@kutakrock.com
Shelby L. Morbach, #55913
shelby.morbach@kutakrock.com

2001 16th Street
Suite 1800
Denver, CO  80202-5292
Telephone: (303) 297-2400
Facsimile: (303) 292-7799

*Attorneys for Defendants James Eberhard and Jenifer Snyder*

- 7 -

4904-8861-2357.1

- 8 -

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of December, 2024, I electronically filed the foregoing **DEFENDANTS EBERHARD'S AND SNYDER'S RESPONSE IN NON-OPPOSITION TO FLUID DEFENDANTS' MOTION TO TRANSFER ACTION TO THE DISTRICT OF DELAWARE PURSUANT TO 28 U.S.C. § 1412 AND 28 U.S.C. § 1404(a)** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

  *All Counsel of record.*

                                              *s/ Chad T. Nitta*
                                              Chad T. Nitta
                                              KUTAK ROCK LLP
                                              2001 16th Street, Suite 1800
                                              Denver, CO 80202
                                              Tel: 303-297-2400
                                              Chad.nitta@kutakrock.com

4904-8861-2357.1