# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-2811-GPG-NRN

URBAN INTERESTS LLC, individually and
on behalf of all others similarly situated,

    Plaintiffs,

v.

FLUID MARKET INC.,
FLUID FLEET SERVICES LLC,
HHK GROUP, LLC,
JAMES EBERHARD,
JENIFER SNYDER, and
THOMAS SCOTT AVILA,

    Defendants.

---

**PLAINTIFF'S MOTION TO COMPEL NON-PARTY PALADIN MANAGEMENT GROUP LLC'S RESPONSE TO THIRD-PARTY SUBPOENA**

---

Plaintiff Urban Interests LLC ("Plaintiff") moves to compel non-party Paladin Management Group LLC's response to a third-party subpoena for documents issued under Federal Rule of Civil Procedure 45. In support, Plaintiff states as follows:

**CERTIFICATE OF CONFERRAL**

Undersigned counsel conferred by phone on February 6, 2025 with Wil Thomas, counsel for non-party Paladin Management Group LLC and defendant Thomas Scott Avila, regarding the subject of this motion. Mr. Thomas stated that Paladin opposes the relief requested in this motion.

**RELEVANT FACTS**

Fluid was an on-demand vehicle rental platform that offers the public access to rent cargo vans, box trucks, and pickup trucks via a mobile app and website. Am. Compl. ¶ 12. Plaintiff Urban Interests is a small business that, like hundreds of other individuals and businesses, participated in Fluid's Vehicle Investor Platform ("FVIP"), which enabled individuals and small business owners to purchase fleets of vehicles, and then rent them out via Fluid's platform. *Id*. ¶ 13.

Plaintiff alleges that Defendants are responsible for stealing more than $11 million from Plaintiff and other class members. *Id*. ¶¶ 33-37. Under this scheme, Fluid and its officers encouraged FVIP owners to allow Fluid to sell their vehicles through a third-party auction service. *Id*. ¶¶ 18-19. Fluid, HHK Group, and their respective leadership sold the vehicles entrusted to them on behalf of Plaintiff and the other class members, and received sales and insurance proceeds on behalf of those vehicle owners. *Id*. ¶¶ 21-23. But instead of remitting those sales proceeds and related insurance claims proceeds to their rightful owners as required by contract and law, Fluid, HHK Group, and their respective leadership—James Eberhard, its former CEO, current board member, and co-founder; Jenifer Snyder, former general counsel, current board member, and Eberhard's sister; and Scott Avila, its current CEO, used or directed the use of those funds for other purposes, including company and personal expenses. *Id*. ¶¶ 24-25, 32-34, 36-39.

One such company expense was the pre-bankruptcy payment of more than $2 million to Mr. Avila's restructuring firm, Paladin Management Group LLC. *Id*. ¶ 40.

2

On January 17, 2025, counsel for non-party Paladin accepted service of Plaintiff's third-party document subpoena directed to Paladin. *See* Exhibit 1. The subpoena specified a return date on February 3, 2025. *See* Exhibit 2. On February 5, 2025, after Paladin had missed the response deadline without any document production, objection, or a written response of any kind, Plaintiff's counsel contacted Paladin's counsel. *See* Exhibit 3 at 8. After multiple email exchanges and a meet-and-confer call, Paladin committed to responding and producing documents by today, February 14, subject only to objections based on privilege. *Id*. at 1. In exchange, Plaintiff agreed to hold off on filing this motion. *Id*.

In breach of its commitment, Paladin has now asserted multiple objections besides privilege, all of which were waived by its untimely response and all of which lack merit. Paladin's identical response to subpoena requests 1-10 reads as follows:

> Paladin objects to this Request to the extent that it seeks privileged information covered by the attorney-client privilege and/or work-product privilege. Subject to that objection, and without waiving it, Paladin is in the process of performing a reasonable and proportionate search for any non-privileged documents in its possession, custody, or control that are responsive to this Request, <u>that are not the property of Defendants Fluid Market, Inc., or Fluid Fleet Services LLC (collectively "Fluid Truck"), and/or that do not fall within the scope of the automatic stay</u> that is currently in place pursuant to Fluid Truck's ongoing bankruptcy case (Case No. 24-12363 (Bankr. D. Del.)). Paladin will supplement its response to this Request and will produce any responsive and proper documents (to the extent they exist) as soon as is practicable.

*See generally* Exhibit 4 (emphasis added).

For its document production, Paladin has produced a total of 1 document of 12 *pages*, consisting solely of Paladin's engagement letter with Fluid.

3

## ARGUMENT

Rule 45 requires that objections to a third-party subpoena "must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). "Courts generally have held that failure to object in writing to a subpoena duces tecum within the time specified in this rule constitutes a waiver of objections." *Amica Mut. Ins. Co. v. Whois Privacy Protection Serv., Inc.*, 2012 WL 1657728, at *3 (D. Colo. May 11, 2012) (citation and internal quotation marks omitted).

Paladin failed to respond, failed to object, and failed to contact Plaintiff's counsel in any way (besides accepting/waiving service) before the February 3 subpoena response date or before 14 days after the January 17 service, which was January 31. Therefore, Paladin waived all objections.

The subpoena is also appropriate under Rule 26 and Rule 45. Paladin is the employer of Defendant Scott Avila, who has served as Fluid's CEO since July 16, 2024. Paladin staffed Fluid's pre-bankruptcy and bankruptcy work with at least eight restructuring professionals, including Mr. Avila, who collectively billed hundreds of hours each month. *See* Exhibits 5-7. Paladin was closely involved with issues related to vehicle sale proceeds, HHK's possession of those proceeds, and Fluid's segregation of those proceeds. *Id*. (highlighting such entries).

To the extent any of Mr. Avila's responsive documents are in Paladin's custody, the subpoena to Paladin provides for discovery of such documents.

Plaintiff is moving expeditiously to evaluate potential claims against Paladin related to its participation in the torts committed against Plaintiff and other class members. Mr.

Avila has argued he does not possess any of the funds stolen from Plaintiff and the other class members.  Dkt. No. 37 at 9.  Irrespective of the merits of that argument, the fact is that Paladin itself has access to such funds, because it paid itself $2 million out of Fluid's accounts during the time when Fluid still possessed $5 million of FVIP owners' money.  Am. Compl. ¶¶ 37, 40.  This discovery will facilitate Plaintiff's review and decision whether to add Paladin as a defendant.

Further, Paladin's non-privilege objections lack any merit.  Paladin says it is withholding responsive documents that are supposedly the "property" of Fluid.  Rule 34(a)(1) requires the production of documents in Paladin's "possession, custody, or control," without any additional caveat that Paladin must also "own" them.  Paladin has provided zero legal authority for this novel objection.

Paladin also claims the automatic stay—as to Fluid—somehow prevents its production of responsive documents in its possession.  This objection likewise lacks any basis.

Plaintiff tried to work with Paladin and overlook its untimely response.  But Paladin has decided not to follow through on its commitments, and instead has erected new excuses for not complying with its subpoena obligations.  Accordingly, Plaintiff seeks the Court's assistance.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to compel Paladin Management Group LLC's compliance with the third-party subpoena should be granted.

Dated this 14th day of February, 2025

        Respectfully submitted,

        */s/ David C. Holman*
        David C. Holman
        John K. Crisham
        CRISHAM & HOLMAN LLC
        2549 West Main Street, Suite 202
        Littleton, Colorado 80120
        Telephone: (720) 739-2176
        E-mail: Dave@crishamholman.com
        E-mail: John@crishamholman.com

        *Attorneys for Plaintiff Urban Interests LLC*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 14th day of February, 2025, a true and correct copy of the foregoing document was filed via this Court's CM/ECF filing system and served on all counsel of record.

/s/ *Deborah Werth*