# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

Civil Action No. 1:24-cv-2811-GPG-NRN

URBAN INTERESTS LLC, individually and
on behalf of all others similarly situated,

    Plaintiffs,

v.

FLUID MARKET INC., FLUID FLEET SERVICES LLC,
HHK VEHICLES, INC., JAMES EBERHARD, JENIFER SNYDER,
and THOMAS SCOTT AVILA,

    Defendants.

## PROTECTIVE ORDER

Pursuant to FED. R. CIV. P. 26(c), the following Protective Order shall govern the handling of all discovery in the above-captioned case (the "Litigation"):

1.    <u>Scope of Order</u>. This Protective Order (the "Order") shall govern the use and disclosure of all proprietary, confidential, or trade secret information ("Confidential Information") produced or provided by or on behalf of any party, produced or provided by or on behalf of any third party, or produced or provided by any person associated with any party on or after the date of this Order in any pleading, deposition, interrogatory, request for admission, document production including any subpoena *duces tecum*, or any other disclosure or discovery proceeding in the Litigation until further order of the Court.

2.    As used in this Protective Order, "document" is defined as provided in Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

1

3. <u>Confidential Information</u>.  Confidential Information shall include any document or thing that is confidential and: (1) constitutes or embodies a party's or third party's proprietary or trade secret material used by it in its business that, if disclosed, likely would cause the producing party or third party competitive harm; or (2) implicates the privacy interests of the parties, including but not limited to medical and personal financial information, or private personnel information.

4. <u>Confidentiality Designations</u>.  Any party or third party producing or providing information in relation to this Litigation may designate any document, information, or discovery response produced or provided in this Litigation as confidential by marking each page at or before the time of production, disclosure, or exchange with the legend "CONFIDENTIAL." Any party may make such designations on the productions or disclosures of any non-party if the information or material constitutes proprietary, confidential, or trade secret information of that designating party. Third parties may also make such designations as to materials they produce in this Litigation.

If a party producing documents inadvertently fails to mark a document as "CONFIDENTIAL" for which it desires such treatment, it shall so inform the party receiving the documents forthwith. The receiving party thereupon shall return the unmarked documents to the producing party and the producing party shall substitute properly marked documents within seven (7) days of providing notice of its failure to mark a document as "CONFIDENTIAL."

The inadvertent or unintentional disclosure by a producing party supplying confidential discovery material, regardless of whether such discovery material was

2

designated as "CONFIDENTIAL," shall not be deemed a waiver in whole or in part of the producing party's claim of confidentiality with respect to the discovery material disclosed. A party may designate discovery material as "CONFIDENTIAL" at a later date, at which time the provisions of this Order shall apply retroactively to the date the material was produced and prospectively after the designation is made. Notwithstanding the foregoing, the dissemination of discovery material by a receiving party shall not be deemed a violation of this Protective Order where such dissemination occurs prior to the discovery material being marked "CONFIDENTIAL." If discovery material has been disclosed and is subsequently designated as "CONFIDENTIAL," the disclosing party shall make good faith efforts to preserve the "CONFIDENTIAL" nature of such discovery material and to obtain compliance with this Order from any person to whom such discovery material was disclosed.

5. <u>Manner of Designation</u>.

   a. The designation of documents or other materials shall be made by written notice in the documents or materials by affixing to it, in a manner that shall not interfere with its legibility, the word "CONFIDENTIAL" on all pages or any part of the document or thing. The non-designating party or parties may challenge any designation of confidentiality in accordance with Paragraph 11 herein.

   b. If designated at a deposition, a deposition transcript in this Litigation shall be treated by all parties as "CONFIDENTIAL." If a portion of a deposition transcript is so designated, the portion of the deposition transcript in this Litigation so designated shall be treated by all parties as "CONFIDENTIAL." Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as "CONFIDENTIAL" after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

3

      c.      All documents of any nature, including briefs, motions, or other papers that refer to or attach Confidential Information shall be used and filed in accordance with the District of Colorado Local Civil Rule 7.2 and in accordance with any applicable Practice Standards or Court Orders in this Litigation. The party seeking to restrict a document filed with the Court shall bear the burden of establishing that the document should be restricted.

6.      <u>Safeguarding Confidential Information</u>. The recipient of any material marked "CONFIDENTIAL" that was provided pursuant to this Order shall exercise due and proper care with respect to its storage, custody, and use. Confidential Information shall not be disclosed or used for any purpose except the preparation and trial of this Action and any appeal thereof. The Confidential Information that is exchanged and the documents marked "CONFIDENTIAL" that are exchanged in this Litigation may not be used for any reason outside of this Litigation, including in any other legal action other than this Litigation, except as provided in Paragraph 7.

7.      <u>Disclosure to Others</u>. Confidential Information shall not, without written consent by the party or third party producing or disclosing such Confidential Information or further Order from the Court, be disclosed to any natural person or legal person or entity except to the following:

      a.      The party or parties to whom or to which the Confidential Information is disclosed or produced in this Litigation ("Receiving Party" or "Receiving Parties");

      b.      Legal counsel to the Receiving Party in this Litigation, as well as employees of such counsel to whom it is reasonably necessary to disclose the information for this Litigation, such as legal support staff and legal assistants;

      c.      Retained expert witnesses and consultants retained by the Receiving Party or his, her, or its counsel of record in this Litigation, whether testifying or non-testifying in connection with this Litigation,

4

                to the extent such disclosure is necessary for preparation, trial, or other proceedings in this Litigation;

    d.    The Court and its employees in connection with this Litigation or as ordered by this Court;

    e.    Stenographic reporters who are engaged in transcription duties or services related to this Litigation;

    f.    Deponents, witnesses called to testify at trial or other proceedings in this Litigation, or individuals identified by a party who may testify at trial or other proceedings related to this Litigation;

    g.    All persons to whom a party has a legal or contractual obligation to provide Confidential Information, including a party's insurers, reinsurers, and outside or in-house counsel or auditors;

    h.    Any mediator agreed-upon by the parties in connection with this Litigation, to the extent mediation occurs; and/or

    i.    Other persons by written agreement of the parties if the disclosing party is a party to this Litigation, or other persons by written agreement of the third party if the disclosing party is not a party to this Litigation.

8.    Prior to disclosing any CONFIDENTIAL information to any person identified in sub-paragraph 7(c) (expert witnesses and consultants) or sub-paragraph 7(f) (deponents, witnesses, or potential witnesses), counsel shall provide such person with a copy of this Protective Order and obtain from such person a signed copy of the Acknowledgement and Agreement to Be Bound contained within Exhibit A to this order stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such Acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

9.    <u>Notice to Counsel</u>. "Notice to Counsel" or "Notice" as used herein, shall,

5

with respect to Urban Interests LLC, require that such notice be delivered to John Crisham and/or David Holman, CRISHAM & HOLMAN LLC, 2549 West Main Street, Suite 202, Littleton, Colorado 80120, john@crishamholman.com, dave@crishamholman.com, 720.739.2176; and, with respect to James Eberhard, Jenifer Snyder, and HHK Vehicles, Inc., require that such notice be delivered to Chad Nitta, Shelby Morbach, and/or Heather Tilley, KUTAK ROCK LLP, 2001 16th Street, Suite 1800, Denver, Colorado 80202, chad.nitta@kutakrock.com, shelby.morbach@kutakrock.com, heather.tilley@kutakrock.com, 303.297.2400; and, with respect to Scott Avila, require that such notice be delivered to William Thomas and Brian DeMocker, O'HAGAN MEYER PLLC, 1331 17th Street, Suite 350, Denver, Colorado 80202, wthomas@ohaganmeyer.com, bdemocker@ohaganmeyer.com, 303.652.5881.

10.     Final Disposition.  Within ninety (90) days of the conclusion of this Litigation, including any appeals, all information marked "CONFIDENTIAL" furnished pursuant to the terms of this Order, and all copies thereof, which are not in the custody of the Court, shall be returned to the party or non-party furnishing the Confidential Information or be destroyed (and certified by affidavit as having been destroyed) by the party in possession thereof, provided that counsel for the parties may retain their notes, any work product materials, and their case files—including all documents produced in the action, irrespective of confidentiality designations.

11.     Challenging Confidential Designations.  A party may object to the designation of (or failure to designate) Confidential Information at any time before the commencement of trial in the Litigation by giving written notice to the party designating

6

the disputed information. Counsel for the objecting party and counsel for the disclosing party (or counsel for the disclosing non-party if represented, or the disclosing non-party directly if not represented) shall confer in accordance with D.C.COLO.LCivR 7.1(a). For disputes between parties to this Litigation, if the matter cannot be resolved within a period of ten (10) business days after the objection has been made, or less time if the date of the discovery cutoff is within ten business days, the objecting party shall initiate the Court's discovery dispute procedures set forth in D.C.COLO.MJ VI to resolve the designation dispute, but the party asserting confidentiality bears the burden of proving that good cause exists for the disputed information to retain the "CONFIDENTIAL" designation. For disputes between a party to this Litigation and a non-party, other than the duty to confer under D.C.COLO.LCivR 7.1(a), the discovery dispute procedures set forth in D.C.COLO.MJ VI shall not apply. All documents and materials with which a "CONFIDENTIAL" designation is being challenged shall be treated in the confidential manner that they have been designated by the producing or disclosing party that made the designation (or, if the failure to designate is at issue, treated as the party seeking the designation has requested) as prescribed in this Order until the matter is resolved by the Court. Upon request, the Court may at any time examine and review *in camera* any document governed by the terms of this Order. The parties shall take all reasonable efforts to resolve any such disputes. The Court will not retain jurisdiction over discovery disputes once the Litigation is closed.

12. <u>Effect of this Order</u>. Nothing in this Order shall preclude any party from applying to the Court for an appropriate modification of this Order. This Order shall also

be without prejudice to the right of any party to object to any discovery request on the grounds that the information requested is not relevant or otherwise discoverable. Further, nothing in this Order shall: (a) prevent or restrict any person or party from seeking additional protection from the Court with respect to the disclosure of information; or (b) prevent or restrict any person from seeking relief from this Protective Order from the Court for good cause shown.

13.     <u>Use of Information</u>.   Nothing in this Order shall limit the producing or disclosing party or non-party from using its own documents and information in any fashion it may desire.

14.     <u>Inadvertent Production of Confidential, Privileged, or Attorney Work Product Documents</u>.  The inadvertent production of any confidential, privileged, or attorney work product documents shall be without prejudice to any claims that the document is confidential, privileged, or attorney work product and shall not constitute a waiver of any claim or privilege that may otherwise attach thereto or a general waiver of such claim or privilege. Any and all facially privileged or work product materials inadvertently produced shall be returned promptly, when discovered, in accordance with ABA Rules of Professional Conduct Formal Opinion 05-437 (2005). In each such case, the designating person shall provide to all other parties Notice, either orally followed by written Notice within five (5) business days, or by written Notice, of that subsequent designation and a copy of the document or thing marked in accordance with this paragraph.  Upon demand of the producing party or non-party, all copies of any inadvertently produced document shall be returned forthwith, and such documents shall not be introduced into evidence, or

8

subject to production, in this Litigation or in any other proceeding without the consent of the producing party or non-party. The provisions of Rule 26(b)(5) of the Federal Rules of Civil Procedure are hereby incorporated by reference and nothing herein is intended to limit the applicability of Rule 26(b)(5) to information disclosed during discovery in this matter.

15. <u>Production by Non-Parties</u>. Any non-party producing or disclosing documents or information or testifying in the Litigation who may reasonably be expected to desire confidential treatment of such information or testimony may avail themselves of the protections of this Order.

16. <u>Unauthorized Disclosure of Confidential Information</u>. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately: (a) notify in writing to the producing party or non-party of the unauthorized disclosures; (b) use its best efforts to retrieve all copies of the protected material; and (c) inform the person or persons to whom unauthorized disclosures were made of all of the terms of this Order.

Nothing in this Order shall prohibit a party from producing any materials designated as "CONFIDENTIAL" in the party's possession pursuant to a subpoena or similar compulsory process directing that party to produce any materials designated as "CONFIDENTIAL" by another party. However, if either party is served with a subpoena or similar compulsory process, counsel for that party shall immediately give counsel for the designating party written notice of such service so that the designating party

may seek a protective order or otherwise act to protect the confidentiality of the designated materials.

17. <u>Limitations to Application</u>.  The restrictions set forth in any of the paragraphs hereof with respect to information, documents, or things designated as "CONFIDENTIAL" shall not apply to:

    a. Any information, document, or thing which at the time of disclosure to a receiving party is in the public domain;

    b. Any information, document, or thing which after disclosure to a receiving party becomes part of the public domain as a result of publication not involving a violation of this Order; or

    c. Any information, document, or thing which a receiving party can show was received by it, whether before or after the disclosure, from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party.

THIS ORDER ISSUED this <u>4th</u> day of <u>March</u>, 2025

BY THE COURT:

*/s/ N. Reid Neureiter*

N. Reid Neureiter
United States Magistrate Judge

## EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

    I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the District of Colorado on ____ [date] in the case of ***Urban Interests, LLC v. Fluid Market, Inc., et al.,*** **Civil Action No. 24-cv-02811-GPG-NRN**. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

    I further agree to submit to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

    I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my Colorado agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

11