IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 1:24-cv-2811-GPG-NRN

URBAN INTERESTS LLC, individually and
on behalf of all others similarly situated,

    Plaintiffs,

v.

FLUID MARKET INC., FLUID FLEET SERVICES LLC,
HHK VEHICLES, INC., JAMES EBERHARD, JENIFER SNYDER,
PALADIN MANAGEMENT GROUP, LLC, and THOMAS SCOTT AVILA,

    Defendants.

---

### DEFENDANTS THOMAS SCOTT AVILA'S AND PALADIN MANAGEMENT GROUP, LLC'S OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER DENYING THEIR MOTION TO STAY (ECF 99)

---

NOW COMES Defendants Thomas Scott Avila ("Defendant Avila" or "Avila") and Paladin Management Group, LLC ("Defendant Paladin" or "Paladin") (collectively, "Objecting Defendants"), by and through their counsel, O'HAGAN MEYER PLLC, and pursuant to FED. R. CIV. P. 72(a), hereby submit their Objections to the Magistrate Judge's Order Denying the Objecting Defendants' Motion to Stay (ECF 99), and respectfully state as follows:

### INTRODUCTION

Defendants Fluid Market Inc., and Fluid Fleet Services LLC, (collectively "Defendants Fluid Truck" or "Fluid Truck") offered a product called the Fluid Vehicle Investor Platform ("FVIP"), which allowed owners of fleet vehicles to rent them out via Fluid Truck's virtual platform. (ECF 76 ¶ 16-17) (Second Amended Complaint). Over time, Fluid Truck began experiencing significant financial stress, which resulted in Fluid Truck

1

retaining Defendants Paladin/Avila as restructuring consultants to help right the sinking ship that was Fluid Truck. (ECF 76 ¶¶ 63, 66). Despite their best efforts, Fluid Truck was unsalvageable. Fluid Truck filed for bankruptcy, which is still ongoing. (*Id.* at 1 at n 1); *In re: Fluid Market, Inc., et al.*, No. 24-12363-CTG, (Bankr. D. Del.).

In an attempt to recover money allegedly taken by some of the Defendants, including Fluid Truck, or used by other Defendants, Plaintiff filed the instant action against numerous individuals and entities. (*See generally* ECF 76). Plaintiff alleges (individually and on behalf of a class of FVIP owners) that Fluid Truck stole more than $11 million in sales proceeds from FVIPs for its own use. (*Id.* ¶ 1).

Each of the non-stayed Defendants has filed a motion to dismiss Plaintiff's various complaints on a variety of grounds. (*See, e.g.*, ECFs 37, 38, 84, 85, 86, 89). Despite these numerous motions to dismiss Plaintiff's claims, discovery has pushed onwards at both high speed and in voluminous quantities. The cost to defend this matter to date—despite Avila and/or Paladin's pending motions to dismiss—has been substantial and is only likely to increase exponentially given the procedural posture of this case. Continuing to engage in voluminous and extraordinarily costly discovery, all the while dispositive motions are pending, is inequitable and constitutes an undue burden on Defendants Avila/Paladin.

In light of the foregoing, and for the reasons set forth below, Defendants Avila/Paladin filed a Motion to Stay pending resolution of Defendants' respective motions to dismiss. This Court referred the Motion to Stay to the Magistrate Judge. Despite noting that the determination was a "close call," and holding that certain factors <u>did</u> weigh in favor of a stay, the Magistrate Judge denied the Motion to Stay upon concluding that the *String Cheese* factors weighed against a stay. (*See* ECF 110).

Defendants Avila/Paladin respectfully disagree with the Magistrate Judge's Order denying its Motion. As set forth below, the Magistrate Judge erred in determining that the *String Cheese* factors do not weigh in favor of a stay, including weighing the Plaintiff's interests in Factor 4, as opposed to third-party interests. Therefore, for the reasons set forth herein, Defendants Avila's/Paladin's Objections to the Magistrate Judge's Order should be sustained and their Motion to Stay should be granted.

## STATEMENT OF RELEVANT FACTS

### A.   Fluid Truck's Motion to Transfer Remains Pending.

Six (6) days after Plaintiff initiated this lawsuit, Fluid Truck filed for bankruptcy. *See In re: Fluid Market, Inc., et al.*, No. 24-12363-CTG, *supra* (filed 10/16/24 in Bankr. D. Del.). On November 14, 2024, Fluid Truck filed a Motion to Transfer Case to the District of Delaware. (ECF 13, 17). Defendants Avila, Eberhard, and Snyder consented to the Motion to Transfer. (*Id.* at 1–2).[1] Plaintiff filed a Response in opposition on December 9, 2024, and Defendants Eberhard and Snyder filed a Response in *non*-opposition that same day. (ECFs 21–22). Fluid Truck filed a Reply on December 23, 2024. (ECF 26). Defendant Avila joined the Motion to Transfer Case on December 27, 2024. (ECF 27).

On January 24, 2025, Defendants Eberhard and Snyder filed a Motion to Stay pending the latter of the resolution the Motion to Transfer Case or the lifting of the automatic stay on Fluid Truck. (ECF 39 at 10). The basis for that motion was the effect the Motion to Transfer and proceedings in the Fluid Truck's bankruptcy would have "both on discovery and the outcome of this case." (*Id.* at 2). Defendant Avila joined the Motion to Stay. (ECF 43). The Magistrate Judge denied the Motion to Stay. (ECF 49).

---

[1] Defendants HHK and Paladin had not yet been added as Defendants at that time.

3

To-date, the Motion to Transfer has been pending for over nine (9) months, and has been fully briefed for over eight (8) months.

**B.    Defendants' Motions to Dismiss and the Extensive Discovery that is Ongoing.**

The day after the Scheduling Order was entered, Plaintiff filed an Amended Complaint. (ECFs 32–34) (Notice of Filing First Amended Complaint, Pleading, and Exhibits). Defendants Avila, Eberhard, and Snyder filed their respective Motions to Dismiss on January 23, 2025. (ECFs 37–38). Briefing concluded on February 27, 2025. (ECFs 55–56). Defendant HHK's time to respond to the First Amended Complaint had not yet passed. (*See* ECF 70).

Despite the Motions to Dismiss being filed, discovery began in this case in or about January 2025. (*See* ECF 31). Since that time, extensive discovery has ensued, largely at the behest of Plaintiff. (ECF 99-1, Thomas Decl. ¶ 3). The discovery conducted to-date includes depositions (noticed by Plaintiff), discovery disputes, and voluminous document production between the parties and third parties. (*Id.* ¶¶ 3-4). To-date, the document production from the parties and third parties "<u>is approximately more than 228,000 pages of documents and over 2,600 native documents/spreadsheets</u>" and growing. (*Id.* ¶¶ 4-5). That accumulation of documents does not include a production from third-party Kingbee Rentals, LLC, who produced "62 gigabytes of compressed data" that is estimated to exceed "100,000 documents" alone once processed (*Id.* ¶¶ 4-5). As such, the document production currently in hand is likely closer to 500,000 pages in total (*Id.* ¶ 5).

On April 14, 2025, Plaintiff filed notice that it would be filing *another* Complaint—its third bite at the apple. (ECF 70). In response to the deficient claims therein, Defendants Avila, Paladin, Eberhard, Snyder, and HHK filed Motions to Dismiss the Second Amended

4

Complaint. (ECFs 84–86, 89). With respect to Defendants Avila's/Paladin's Motion to Dismiss, the arguments therein go beyond mere insufficiency of the allegations—they contend that Plaintiff cannot legally sustain claims against them based on the core nature of what Plaintiff asserts, which includes the benefit of discovery. (*See* ECFs 89, 98). Briefing for each of these motions concluded no later than June 13, 2025. (ECFs 95–98).

Defendants have yet to answer any Complaint filed by Plaintiff. Nevertheless, extensive and costly discovery has occurred to-date, including contentious discovery disputes. (*See, e.g.*, ECFs 47, 49, 71–72, 94); *see also* (ECF 99-1, Thomas Decl. ¶¶ 2–5, 11–12). The parties are only about halfway through discovery, which is set to close in January 2026. (ECF 31 at 12). Nevertheless, given the circumstances presented in this case, and the extensive discovery to date noted above, the fees and expenses incurred as of June 22, 2025, "to defend Avila and Paladin in this matter are approximately $234,585.63." (ECF 99-1, Thomas Decl. ¶¶ 2, 8).

Although Defendants' Motions to Dismiss are fully briefed, this District remains one of the busiest in the country and it generally takes upwards of six (6) months or more for dispositive motions of this nature to be resolved. *See infra*; (*see also* ECF 99-1, Thomas Decl. ¶ 8). Meaning, it is very likely (if not probable) that Defendants' Motion to Dismiss will still be pending at the time discovery is currently scheduled to close. (*Id.* ¶ 9).

Defendants Avila's/Paladin's undersigned counsel have strategically done what they can to date to limit affirmative discovery in order to conserve resources while Avila and Paladin's motions to dismiss awaited resolution. (*Id.* ¶ 7). That includes waiting to notice depositions, serve third-party subpoenas, and review the overwhelming majority of the voluminous documents produced to date. (*Id.*). However, in light of the current

5

Scheduling Order, and the breadth of this case, counsel will be forced to fully move forward with discovery on all fronts in the near future unless discovery is stayed (*Id.* ¶ 11).

Counsel's discovery efforts will require, at a minimum, for Defendants Avila's/Paladin's counsel to review the voluminous document production to date, which is estimated to cost—whether done manually by counsel or with the assistance of their vendor's AI-ingestion tool—in excess of $150,000 to $200,000. (ECF 99-1, Thomas Decl. ¶ 12). Given the anticipated discovery left to be completed—which will also likely include a substantial number of depositions and possibly class discovery—Defendants Avila's/Paladin's counsel estimates that the cost to complete discovery pending resolution of their Motion to Dismiss may equal or exceed the defense costs incurred to date as noted above. (*Id.* ¶¶ 11–14).

Meaning, it is currently estimated to cost over $400,000 to complete discovery in this matter all the while Defendants Avila's/Paladin's Motion to Dismiss remains pending. Such a result is objectively inequitable and the undue burden that would result is manifest.

    **C.**    **Relevant Procedural History.**

On June 27, 2024, Defendants Avila/Paladin filed their Motion to Stay. (ECF 99). On June 30, 2024, this Court referred resolution of the Motion to Stay to the Magistrate Judge. (ECF 100). Plaintiff filed a response in opposition to the Motion, (*see* ECF 102), and Defendants Avila/Paladin filed their reply. (ECF 106).

On August 22, 2025, the Magistrate Judge held a hearing on the Motion to Stay. (*See* ECF 107). At the hearing, the Magistrate Judge opined that the Motion was a "close call," and held that some of the applicable *String Cheese* factors weighed in favor of a stay. Ultimately, the Magistrate Judge denied the Motion on the basis that the totality of the *String Cheese* factors did not favor a stay. The Magistrate Judge entered an Order

6

denying Defendants Avila's/Paladin's Motion to Stay on August 22, 2025. (ECF 110).

Defendants Avila/Paladin hereby submit their timely objections to the Magistrate Judge's Order. *See* Fed. R. Civ. P. 72(a). Accordingly, for the reasons set forth herein, Defendants Avila/Paladin respectfully request that this Honorable Court sustain their Objections and stay discovery pending resolution of Defendants' motions to dismiss.

## **STANDARD OF REVIEW**

Under FED. R. CIV. P. 72(a), when a non-dispositive motion is referred to a Magistrate Judge, a party may serve and file objections to the Judge's Order within 14 days of being served with a copy. "When reviewing a magistrate judge's order that is not dispositive of a party's claim or defense, a district judge must 'modify or set aside any part of the order that is clearly erroneous or is contrary to law.'" *Borgstrom v. State Farm Fire*, 2024 LEXIS 111053, at *3 (D. Colo. 2024) (citing Fed. R. Civ. P. 72(a)).[2] "The 'contrary to law' standard applies to the magistrate judge's legal determinations and permits plenary review as to matters of law; the district judge may set aside a legal ruling if the magistrate judge . . . applied the appropriate legal standard incorrectly." *Id.* (citing *Residences at Olde Town Square Ass'n v. Travelers Cas. Ins. Co. of Am.*, 413 F. Supp. 3d 1070, 1072 (D. Colo. 2019)).

Plenary review is also known as "de novo review." *Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 809 (10th Cir. 2023). Meaning, the district court must "conduct a plenary review of the briefs and materials considered by the Magistrate Judge, and reach an independent conclusion on the merits" of the motion at hand. *Garrison v. Log Lane Vill.*, 2006 LEXIS 108631, at *3 (D. Colo. Jan. 20, 2006) (Kane, J.).

---

[2] Newly used unpublished opinions are attached hereto as **Exhibit 1**.

7

"While the Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings, the power for a court to stay a proceeding 'is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Quint v. Vail Resorts, Inc.*, 2023 LEXIS 105499, at *5 (D. Colo. 2023) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).[3]

"To resolve motions to stay discovery, this District has adopted the following five-factor balancing test: (1) prejudice of a stay to plaintiff's interest in proceeding expeditiously; (2) the burden of discovery on defendant; (3) convenience of the court; (4) interests of third parties; and (5) the public interest." *Robinson v. Oil Shale Corp.*, 2017 LEXIS 226999, at *2 (D. Colo. 2017) (citing *String Cheese Incident, LLC. v. Stylus Shows, Inc.*, 2006 LEXIS 97388, at *2 (D. Colo. 2006)). The "decision to grant or deny a motion to stay discovery is vested in the district court's discretion." *Quint*, at *5 (citing *United Steelworkers of Am. v. Or. Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003)).

## ARGUMENT

### A. Defendants Avila's/Paladin's Objections should be sustained because the circumstances and the factors weigh heavily in favor of a stay.

Avila/Paladin acknowledge that a "stay of discovery is generally disfavored in this district." *i4 Grp. Consulting, LLC v. Scaled Agile, Inc.*, 2020 LEXIS 208708, at *2 (D. Colo. 2020). However, as courts in this District recognize, "a stay may be appropriate if 'resolution of a preliminary motion may dispose of the entire action.'" *Id.* at *9 (collecting cases). Indeed, "precedent amply demonstrates that the Court has broad discretion to enter a stay when a potentially dispositive issue is pending." *Keller v. State Farm Mut.*

---

[3] Previously used unpublished opinions are attached to the Motion to Stay as Exhibit B (ECF 99-2).

8

*Auto. Ins. Co.*, 2023 LEXIS 241110, at *1 (D. Colo. 2023) (collecting cases) (Mix, M.J.).

This Court agrees: "A motion to stay discovery pending determination of a dispositive motion is an appropriate exercise of this court's discretion." *Robinson v. Oil Shale Corp.*, 2017 LEXIS 226999, at *2 (citing *Landis*, at 254–255). Indeed:

> Federal courts have the inherent power and discretion to stay discovery while a Rule 12 motion is pending. … Staying discovery until the Court resolves a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.' … A stay also conforms to the purpose of Rule 12, which tests the sufficiency of a complaint 'at the point of minimum expenditure of time and money by the parties and the court.'

*Id.* at *3-4 (internal citations omitted); *see also Johnson v. Wingert*, 2018 LEXIS 232467, at *3 (D. Colo. 2018) (Neureiter, M.J.) (affirming the same); *Susinka v. Trujillo*, 2020 LEXIS 271745, at *3 (D. Colo. 2020) (Hegarty, M.J.) (same).

Accordingly, the basis for Defendants Avila's/Paladin's Motion to Stay is well supported by the precedent in this District and this Court's prior opinions. The factors weigh in favor of staying this case until the pending motions to dismiss are resolved.

### i. Factor 1: Plaintiff's Interests Should Favor a Stay.

As for the first factor, Plaintiff's interests in this case should favor a stay of discovery. It is eminently wasteful and inefficient for Plaintiff to proceed with discovery when the pending motions to dismiss may dispose of this case in its entirety or, at a minimum, may dispose of certain parties, claims, or issues. Conversely, allowing the motions to dismiss to be resolved will be a benefit to Plaintiff in terms of narrowing the scope of the claims, damages, and parties that will actually be at issue on the merits.

It should be undisputed that no party to this case wants to waste its resources on any aspect of litigation if not absolutely necessary. To wit: "Plaintiff's interest in proceeding with the lawsuit is manifest, as is Defendants' interest in delaying it. <u>The parties do have</u>

9

one common interest: to avoid spending money on discovery." *Otter Prods., LLC v. Flygrip, Inc.*, 2022 LEXIS 143998, at *3 (D. Colo. 2022) (Mix, M.J.). And, "if minimizing costs is an objective, proceeding with potentially costly document and deposition discovery . . . is not in anyone's interests, especially . . . Plaintiff." *i4 Grp.*, at *5.

In its response to the Motion, Plaintiff asserted nothing more than generalized statements about a stay being prejudicial and time being of the essence to complete discovery. (*See* ECF 102 at 8–9). But that rationale is ubiquitous as every plaintiff wants to see their case resolved as quickly as possible. What's more, when the plaintiff "has not asserted or shown any concrete or specific prejudice that would result from a stay," prejudice is viewed as minimal. *Joshua F. Young v. Colo. Dep't of Corr.*, 2022 LEXIS 249951, at *4 (D. Colo. 2022); *see also Nardo v. Homeadvisor, Inc.*, 2022 LEXIS 75027, at *7 (D. Colo. 2022) ("Plaintiff has not described any exigent circumstances or specific harm which would result from a stay, only generalized concerns about the potential loss of evidence or fading memories which are present in every case.").

Any delay from staying the case at this juncture will be minimal. Plaintiff has already benefitted from about eight (8) months of discovery; it has obtained the most crucial documents it may need from the parties and non-parties; and it has deposed what appear to be two of the most important non-party witnesses in addition to one of Paladin's 30(b)(6) witnesses. And, as noted above, the benefit gained by Plaintiff in seeing the motions to dismiss resolved—which will conserve its resources and help focus any future discovery efforts—outweighs any cost of delay. Accordingly, the first factor weighs in favor of staying discovery.

      b. ***Factor 2: The Burden on Defendants is Significant, Highly Prejudicial, and Strongly Favors a Stay.***

Courts agree that "proceeding with discovery would be wasteful should the Motion [to Dismiss] be granted." *Joshua F. Young*, at *5 (collecting cases). As such, a stay of discovery is "appropriate 'where discovery on all issues of the broad complaint would be wasteful and burdensome.'" *i4 Grp.*, at *7. As one court in this District correctly observed: "To Plaintiff, however, the cost of discovery is a necessary evil, endured because it inches Plaintiff closer to the end goal of settlement or a favorable decision. To Defendants, the cost of discovery is an *un*necessary evil . . . ." *Otter Prods.*, at *3 (emphasis in original).

While staying a case in this District may be atypical, this case is atypical in terms of the sheer volume of information and the issues presented. And, as noted above, the burden that has been imposed and will be imposed on Defendants Avila/Paladin moving forward with discovery are substantial and manifest. Not only in terms of the egregious cost that will come with properly defending themselves, but in the time, energy, and attention that will be unnecessarily wasted if their Motion to Dismiss is granted.

Additionally, neither this Objection nor the Motion to Stay are born out of impatience. Defendants Avila/Paladin are cognizant of the time it takes to rule on dispositive motions in this District. As Chief Judge Brimmer noted, "in 2020, the weighted civil case filings per judgeship show that the District of Colorado is the tenth busiest district in the country out of 94 judicial districts . . . ." *Wood v. Kelley*, 2021 LEXIS 38479, at *14–15 (D. Colo. 2021). As such, it is unlikely that a decision on Defendants' motions to dismiss is just around the corner, especially given Plaintiff's recent further amendment of its Complaint and the dispositive motion briefing having concluded in June 2025. What is more likely than not is that the motions will still be pending by the time the parties complete discovery in January 2026. This will require extensive effort, time, and cost to complete

11

such discovery even though Plaintiff's claims should not survive a Rule 12 motion.

Further, Plaintiff has established a troubling practice to-date that may see Defendants' Motions to Dismiss never resolved. Plaintiff files a new complaint, the Defendants file dispositive motions, briefing concludes, Plaintiff engages in discovery, Plaintiff files a new complaint, and the Defendants again file dispositive motions—all while costly discovery marches forward. (ECFs 1, 33, 37–38, 76, 84–86, 89). Avila/Paladin expect Plaintiff's practice to repeat *ad nauseam* until the parties reach the end of discovery and summary judgment motions are filed. Such a practice is highly prejudicial to Defendants alike, and is an intolerable abuse of our judicial system. Such a practice cannot be allowed to continue, and staying discovery is the best remedy to end the anticipated cycle. Accordingly, the second factor weighs in favor of staying discovery.

### c. Factor 3: The Convenience on the Court and Preserving Judicial Resources Favors a Stay.

The convenience of this Court also ways in favor of a stay. "With regard to the third factor, it is certainly more convenient for the Court to stay discovery until it is clear that the case or certain claims will proceed." *Keller v. State Farm Mut. Auto. Ins. Co.*, 2023 LEXIS 241110, at *5-6 (D. Colo. 2023) (Mix, M.J.); *see also Joshua F. Young*, at *6 (affirming the same and collecting cases). As such, "the Court's interest in judicial economy weighs in favor of granting the stay." *i4 Grp.*, at *10.

"'Neither the Court's nor the parties' time is well-served by being involved in the 'struggle over the substance of the suit' when, as here, a dispositive motion is pending.'" *Johnson v. Wingert*, 2018 LEXIS 232467, at *5 (D. Colo. 2018) (quoting *Harris v. United States*, 2010 U.S. Dist. LEXIS 48315, at *1 (D. Colo. 2010)). Thus, "while the Court typically discourages stays of discovery, the Court acknowledges the efficiency and

12

fairness of delaying the proceedings pending resolution of a motion to dismiss that could resolve this matter in its entirety." *Id; see also Williams v. Stewart Title Co.*, 2018 LEXIS 174957, at *10 (D. Colo. 2018) (asserting the same).

For the same reasons noted above for Defendants, the convenience of this Court is best served by staying discovery to resolve the dispositive motions at issue. Not only would doing so conserve judicial resources, but one or more claims, issues, or parties—if not this case in its entirety—may be disposed of once the pending motions are resolved. Thus, the convenience of this Court and the preservation of judicial resources should strongly favor a stay in light of the circumstances presented in this case. Accordingly, the third factor weighs in favor of staying discovery.

### d. *Factor 4: The Interest of Non-Parties Witnesses Who Are Likely to be Deposed Favor a Stay.*

Two non-party witnesses have already been deposed (Brennan DuPree and Teodora Frunza). Mr. DuPree's deposition lasted a full day, and Ms. Frunza's deposition lasted a full day, occurring over two days, given the scope of the issues in this case and the fact that multiple defendant groups each had an interest in what the witnesses testified to. At this time, it is anticipated that numerous other non-party witnesses are likely to be deposed if discovery continues, including, at a minimum: a corporate representative of Manheim Remarketing, Inc., Josephe Shore, Belle Cooper, Leo Amigoni, Doug Trussler, and Andreas Hildebrand. (EFC 99-1, Thomas Decl. ¶ 11).

What occurred with DuPree and Frunza is also likely to be the same for each of these witnesses, which the parties likely agree are all critical to the issues in this case. It should be undisputed that if any one of these non-parties is given a choice they would unanimously agree to staying discovery (and their depositions alike) until absolutely

13

necessary. Forcing numerous non-parties to attend lengthy depositions when such depositions may be futile in the end should and can be avoided by staying discovery. Of note, the Magistrate Judge assessed Plaintiff's interests, not third-party interests, in weighing this factor and denying the Motion to Stay.

Accordingly, the fourth factor weighs in favor of staying discovery.

### e. Factor 5: The Public Interest in Conserving Public Resources and Efficiency Favor a Stay.

Finally, as to the fifth and final factor, the public interest strongly favors a stay. The "public has a significant interest in 'conserving public resources and the efficient functioning of government.'" *Mt. Land Co., LLC v. Greenauer Design Grp., Inc.*, 2024 LEXIS 118319, at *10-11 (D. Colo. 2024) (collecting cases) (O'Hara, M.J.). Further:

> There is no indication that granting a stay of discovery will adversely affect the interests of the public. 'Indeed, the public interest is served by avoiding what may be unnecessary expenses associated with allowing discovery at the present time.' … The public's only interest in this case is a general interest in its efficient and just resolution, and avoidance of wasteful efforts by the Court and litigants serves this purpose.

*Melnick v. Marlow*, 2022 LEXIS 252220, at *6-7 (D. Colo. 2022) (internal citations omitted); *see also Pittman v. Kahn*, 2023 LEXIS 236018, at *5 (D. Colo. 2023) (holding the same); *Keller*, at *7 (holding the same). Stated differently:

> With regard to the fifth and final factor, the Court finds that the public's interest in resolving disputes fairly and expeditiously favors a stay where it is possible that 'unnecessary expenditures of public and private resources on litigation will be minimized,' 'judicial resources will ultimately be conserved by addressing dispositive issues early in the litigation,' and 'both judicial and attorney resources will be conserved by clarifying and resolving disputed legal issues at the earliest possible time.' *Samuels v. Baldwin*, No. 14-cv-02588-LTB-KLM, 2015 U.S. Dist. LEXIS 5521, 2015 WL 232121, at *3 (D. Colo. Jan. 16, 2015). Imposing a stay here pending resolution of Defendants' motion to dismiss would serve that interest.

*Joshua F. Young*, at *6-7.

The public's interest in the efficient functioning of government is at stake due to Plaintiff's pursuit of broad and costly discovery on all of its claims, which claims may be wholly or partially mooted by the pending dispositive motions. Plaintiff has already attempted to use judicial resources to intervene in (as well as force the expenditure of private resources related to) its costly discovery efforts regarding issues that may ultimately be mooted. (ECF 47). Imposing a stay will not prejudice Plaintiff's discovery efforts if merely stayed, but would significantly prejudice (and is significantly prejudicing) the public's interests and the parties' interests without a stay.

Accordingly, the fifth factor weighs in favor of staying discovery and the public "considerations of fairness, timeliness and expense will be advanced by imposition of a stay." *Otter Prods.*, at *10.

## CONCLUSION

Accordingly, and as set forth above, the Magistrate Judge respectfully erred in denying Defendants Avila's/Paladin's Motion to Stay. Therefore, Defendants Avila's/Paladin's Objections as set forth herein should be SUSTAINED and their Motion to Stay should be GRANTED.

Dated: September 5, 2025         Respectfully submitted,

By:   /s/ William R. Thomas
William R. Thomas, Esq.
Brian R. DeMocker, Esq.
Attorneys for Defendants Thomas Scott Avila and Paladin Management Group, LLC
O'HAGAN MEYER, PLLC
1331 17th Street, Suite 350
Denver, CO  80202
303-652-5881
wthomas@ohaganmeyer.com
bdemocker@ohaganmeyer.com

## CERTIFICATE OF SERVICE

   I hereby certify that on this 5th day of September, 2025, a true and correct copy of **DEFENDANTS THOMAS SCOTT AVILA'S AND PALADIN MANAGEMENT GROUP, LLC'S OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER DENYING THEIR MOTION TO STAY (ECF 99)** was filed and served electronically via the CM/ECF system which will send notification of the filing to the following:

David C. Holman, Esq.
John K. Crisham, Esq.
Christopher T. Carry, Esq.
CRISHAM & HOLMAN LLC
2549 West Main Street, Suite 202
Littleton, CO 80120
dave@crishamholman.com
john@crishamholman.com
chris.carry@crishamholman.com
*Attorneys for Plaintiff Urban Interests LLC*

John C. Hawk, IV, Esq.
WOMBLE BOND DICKINSON LLP
1899 Wynkoop Street, Suite 750
Denver, CO 80202
John.hawk@wbd-us.com
*Attorney for Defendants Fluid Market, Inc.*
*and Fluid Fleet Services LLC*

Chad T. Nitta, Esq.
Heather N. Tilley, Esq.
Shelby L. Morbach, Esq.
Logan P. Murr, Esq.
KUTAK ROCK LLP
2001 16th Street, Suite 1800
Denver, CO 80202
Chad.Nitta@kutakrock.com
Shelby.Morbach@kutakrock.com
Heather.tilley@kutakrock.com
Logan.Murr@kutakrock.com
*Attorneys for Defendants James Eberhard,*
*Jenifer Snyder, and HHK Vehicles, Inc.*

               *s/ Ramona Raub*
               Ramona Raub, Legal Assistant