IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Gordon P. Gallagher

Civil Action No. 24-cv-02811-GPG-NRN

URBAN INTERESTS LLC,
individually and on behalf of all others similarly situated,

    Plaintiff,

v.

FLUID MARKET INC.,
FLUID FLEET SERVICES, LLC,
HHK VEHICLES, INC.,
JAMES EBERHARD,
JENIFER SNYDER,
THOMAS SCOTT AVILA, and
PALADIN MANAGEMENT GROUP, LLC,[1]

    Defendants.

**ORDER**

Before the Court is Defendants Fluid Market, Inc. and Fluid Fleet Services, LLC's (collectively Fluid Truck) Motion to Transfer action to the District of Delaware Pursuant to 28 U.S.C. § 1412 and 28 U.S.C. § 1404(a) (D. 17). The Court GRANTS the motion for the following reasons.

---

[1] The Court has added HHK Vehicles, Inc. and Paladin Management Group, LLC to the caption as they are now part of the action to be transferred but recognizes that the motion to transfer was filed before they became parties to the case.

1

## I. FACTS

This civil action arises from an agreement between Plaintiffs and Fluid Truck that Fluid Truck would sell Plaintiffs' trucks for a fee and forward them the proceeds.[2] From 2016 to 2024, Fluid Truck was an on-demand vehicle rental platform that offered the public access to rent cargo vans, box trucks, and pickup trucks via a mobile app and website (D. 76 ¶ 16). Fluid Truck also offered a Fluid Vehicle Investor Platform (FVIP) that enabled individuals and small business owners to purchase fleets of vehicles and then rent them out via Fluid Truck's platform (*id.* ¶ 17). From the sale proceeds and any receipts from insurance claims, Fluid Truck would deduct a decommissioning fee, the cost of any necessary repairs, and other applicable fees, and turn the proceeds over to the vehicle owner (*id.* ¶ 23).

Urban Interests entered into a Vehicle Management Agreement with Fluid Truck in 2020 for its participation in Fluid Truck's FVIP program (*id.* ¶ 19). At first, Fluid Truck decommissioned and sold twenty-nine of Urban Interests' vehicles and paid the remaining proceeds over to Urban Interests after deducting the amounts noted above (*id.* ¶ 25). In late 2023 and early 2024, Urban Interests decided to decommission and sell its remaining vehicles through the FVIP program (*id.* ¶ 42). Between February and June 2024, Fluid Truck sold fourteen of Urban Interests' Vehicles (*id.* ¶ 46). However, Urban Interests never received the $178,216 it is owed in proceeds from these sales (*id.* ¶¶ 46, 49).

On October 10, 2024, Urban Interests filed suit on behalf of itself and similarly situated others (D. 1), claiming that Defendants stole more than $11 million from FVIP owners (*id.* ¶ 84).

---

[2] The Court draws the operative facts as set forth in Defendants' Motion to Transfer action to the District of Delaware Pursuant to 28 U.S.C. § 1412 and 28 U.S.C. § 1404(A) (D. 17) and Plaintiff's Second Amended Class Action Complaint (D. 76).

Six days later, on October 16, 2024, Fluid Truck commenced a bankruptcy case in the United States Bankruptcy Court, District of Delaware (D. 17 at 6-7). All claims against these two Defendants, Fluid Market Inc. and Fluid Fleet Services LLC, were automatically stayed under 11 U.S.C. § 362(a) (*id.* at 7). On January 9, 2025, Plaintiffs filed an amended complaint adding Defendants HHK Vehicle LLC (D. 33), and on April 15, 2025, Plaintiffs filed a second amended complaint adding Defendant Paladin Management Group (D. 76). Fluid Truck filed the instant motion to transfer the entire action under 28 U.S.C. §§ 1412 and 1404(a) on November 18, 2024 (D. 17). Defendants Eberhard and Snyder filed a statement of non-opposition (D. 22), Defendant Avila has not responded to the motion, and Urban Interests opposes transfer on the grounds that these statutes do not apply to its claims (D. 21 at 2-3).

## II.  LEGAL STANDARD

Under 28 U.S.C. § 1412, "[a] district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." Courts consider the same factors to determine if transfer would serve convenience of the parties and the interest of justice under § 1412 as under § 1404(a). *See In re HealthTrio, Inc.,* 653 F.3d 1154, 1161 n.7 (10th Cir. 2011) ("We note that the bankruptcy transfer statute, § 1412, sets forth an analogous interests-of-justice/convenience-of-the-parties standard as § 1404(a)"). In the § 1404(a) context, the Supreme Court and Tenth Circuit have instructed that courts should consider several public- and private-interest factors. When analyzing private-interest factors, the court examines the following:

> [the] relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be

3

> appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 63 n.6 (2013) (citation omitted). Conversely, public-interest factors include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Id*.

### III.  ANALYSIS

Plaintiff argues that transfer is improper under § 1412 because its action is not "a case or proceeding under title 11" (D. 21 at 6). While the Court agrees that Plaintiffs' claims do not arise "under title 11," it finds that this case is sufficiently related to a case or proceeding under title 11 to warrant transfer and such transfer would be in the interest of justice.

There is a split in authority as to whether a case that is "related to" a proceeding arising "under title 11" may be transferred under § 1412. *See Shaver v. Orthodontic Centers of Colorado, Inc.*, 2007 WL 38665 * 5 (D. Colo. 2007); *In re Harwell*, 381 B.R. 885, 892 n.4 (Bankr. D. Colo. 2008). However, considering that bankruptcy courts in both Colorado and Delaware appear to agree that a case "related to" a proceeding under title 11 may be transferred under § 1412, the Court determines that transfer in this case is appropriate. The District of Colorado Bankruptcy Court has held "that the phrase 'proceedings under title 11' appearing in 28 U.S.C. § 1412 includes matters 'related to' as well as matters 'arising under' or 'arising in' cases under title 11, consistent with the bankruptcy court's jurisdictional mandate found in 28 U.S.C. § 1334(b)." *In re Harwell,* 381 B.R. at 892 n.4. In the District of Delaware Bankruptcy Court, "there is a presumption that the bankruptcy court is the proper venue for cases related to a bankruptcy proceeding." *In re*

4

*Northfield Lab'ys Inc.*, 467 B.R. 582, 590 (Bankr. D. Del. 2010) (citing *In re DVI, Inc.,* 2004 WL 1498593, at *2 (D. Del. June 23, 2004)).

Plaintiff's claims for fraud, civil theft, conversion, and money had and received are undoubtedly closely related to Fluid Truck's bankruptcy proceedings, and in some ways depend on the outcome of those proceedings. Under 28 U.S.C. § 1334(e), the District of Delaware Bankruptcy Court has exclusive jurisdiction over Fluid Truck's property, including assets, and is thus responsible for determining whether Plaintiffs have a property interest in Fluid Truck's assets. *See In re Motiva Performance Eng'g, LLC,* No. 19-12539, 2024 WL 243622, at *8 (B.A.P. 10th Cir. Jan. 23, 2024), *aff'd,* No. 24-2028, 2024 WL 4965893 (10th Cir. Dec. 4, 2024) ("Determining whether property is estate property is a core proceeding and bankruptcy courts have jurisdiction over core proceedings."). As Fluid Truck notes, "that bankruptcy court determination will effectively decide Plaintiff's claims against the individual defendants, because if there was *not* such a property interest, Plaintiff's claims for 'civil theft' and conversion and injunctive relief would fall by the wayside" (D. 17 at 9).

Additionally, transfer would not pose a great inconvenience and would be in the interest of justice. The Court acknowledges the consideration owed to Plaintiffs' choice of forum but finds this factor is cancelled out by the presumption that cases should be heard in the district in which the underlying bankruptcy case is pending. *See Shaver*, 2007 WL 38665, at *2 ("On the one hand, there is a presumption that the proper venue for a proceeding is the district in which the underlying bankruptcy case is pending. . . . On the other hand, there is also a strong presumption in favor of the Plaintiff's choice of forum. . . . The effect of applying both presumptions is the two presumptions effectively cancel each other out, and the motion will accordingly be decided on the

5

basis of the remaining factors" (internal citations and quotation marks omitted)). The Court also recognizes that the parties will have to travel to Delaware, but such travel should not pose a great additional burden on the parties contesting transfer. Urban Interests only has one individual member (D. 76 ¶ 2), and the Court presumes that at least some of the "numerous," nationwide class members would have had to travel to Colorado from out of state if proceedings remained here anyway (*id.* ¶¶ 93, 96). Transferring the entire action to the District of Delaware would serve the interest of judicial economy by preventing this Court from making duplicative and/or potentially inconsistent findings, and, after handling the bankruptcy proceedings, the District of Delaware will be better situated to administer Fluid Truck's estate.

Having determined that transfer is proper under 28 U.S.C. § 1412, the Court declines to address Plaintiffs' argument for transfer under section 28 U.S.C. § 1404(a).

## IV. CONCLUSION

Accordingly, Defendants' motion to transfer venue (D. 17) is GRANTED. It is FURTHER ORDERED that the case shall be TRANSFERRED to the United States District Court for the District of Delaware. This Court does not address and leaves to the District of Delaware the various motion to dismiss (D. 84; D. 85; D. 86; D. 89). The Clerk of the Court shall effectuate such transfer and thereafter close this case.

DATED September 17, 2025.

BY THE COURT:

Gordon P. Gallagher
United States District Judge