**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No. Civil Action No.: 1:24-cv-02811-GPG-SBP

URBAN INTERESTS LLC, individually and on
behalf of all other similarly situated,

       Plaintiffs,

v.

HHK VEHICLES, INC.,
JAMES EBERHARD,
JENIFER SNYDER, and THOMAS
SCOTT AVILA,

       Defendants.

---

## DEFENDANTS' JOINT MOTION TO STAY

---

Defendants HHK Vehicles, Inc. ("HHK"), James Eberhard ("Eberhard"), Jenifer Snyder ("Snyder"), Thomas Scott Avila ("Avila"), and Paladin Management Group, LLC ("Paladin") (collectively, "Defendants"), by and through their respective undersigned counsel, jointly and respectfully move this Court for an Order staying all proceedings in this action pending resolution of Defendants' fully briefed Motions to Dismiss (ECF Nos. 84, 85, 86, and 89). In support of this Joint Motion, Defendants state as follows:

### I.    CERTIFICATE OF CONFERRAL

Defendants certify that, pursuant to D.C.Colo.LCivR 7.1(a), they have conferred with Plaintiff regarding the relief requested in this Motion, and Plaintiff does not oppose the relief sought by the Joint Motion.

### II.    INTRODUCTION

All Parties to this action are in agreement: this case should be stayed pending the Court's resolution of the four pending Motions to Dismiss. This Joint Motion is filed pursuant to the Court's instruction, following the Parties' Joint Status Report (ECF No.

4903-7947-9207.1

122), that a formal motion is required before a stay may be entered. [ECF No. 123].

The circumstances giving rise to this Joint Motion are straightforward. Since the Motions to Dismiss were filed in May 2025, this case has endured an approximately seven-month procedural detour: the case was transferred from this District to the District of Delaware in September 2025, and then retransferred back to this District in February 2026. During that period, no substantive progress could be made on the merits or on the pending Motions to Dismiss. Now that the case has returned to this Court, all Parties agree that the most efficient and equitable path forward is to stay proceedings until the Motions to Dismiss are resolved.

This Joint Motion is particularly well-suited for favorable consideration because it is unopposed. Unlike the prior contested motions to stay filed in this action—which were denied in contested proceedings on February 19, 2025 (ECF No. 49) and August 22, 2025 (ECF No. 110)—the present motion reflects the informed consensus of all Parties that a stay is in everyone's interest.

## III.    PROCEDURAL HISTORY

Plaintiff filed its original Complaint in this action on October 10, 2024. [ECF No. 1]. Six days later, Defendants Fluid Market Inc. and Fluid Fleet Services, LLC (collectively, "Fluid") filed for bankruptcy in the District of Delaware. On November 18, 2024, Fluid filed a Motion to Transfer the action to the District of Delaware. [ECF No. 17]. Plaintiff opposed the transfer. [ECF No. 21].

On January 9, 2025, Plaintiff filed a First Amended Complaint adding Defendant HHK (ECF No. 33), and on April 15, 2025, Plaintiff filed a Second Amended Complaint adding Defendant Paladin (ECF No. 76). In response, all non-Fluid Defendants filed their respective Motions to Dismiss the Second Amended Class Action Complaint on May 2 and May 9, 2025 (ECF Nos. 84, 85, 86, and 89). Briefing on those motions concluded no later than June 13, 2025. The Motions to Dismiss are fully briefed and ripe for decision.

Defendants Eberhard and Snyder filed the first Motion to Stay All Proceedings on

- 2 -

January 24, 2025, which was joined by Defendant Avila. [ECF No. 39]. That motion was denied on February 19, 2025. [ECF No. 49]. Defendants Avila and Paladin later filed a second Motion to Stay on June 27, 2025, focused on the burden of continued discovery while dispositive motions remained pending. [ECF No. 99]. That motion was denied on August 22, 2025, though the Magistrate Judge noted it was a "close call." [ECF No. 110].

On September 17, 2025, the District Court granted Fluid's Motion to Transfer, transferring the entire action—including the pending Motions to Dismiss—to the District of Delaware. [ECF No. 112]. The transfer was predicated on the case's relationship to Fluid's bankruptcy proceedings and the District of Delaware's exclusive jurisdiction over Fluid's property. [*Id*.].

On October 10, 2025, Plaintiff dismissed Fluid from the action without prejudice. On November 4, 2025, Plaintiff moved to retransfer venue back to the District of Colorado, arguing that Fluid's dismissal frustrated the sole basis for the original transfer. Defendants opposed the retransfer, arguing in part that they intended to bring Fluid back into the case through cross-claims or third-party claims if their Motions to Dismiss were denied. On February 24, 2026, the District of Delaware granted Plaintiff's Motion to Retransfer, and the case was returned to this Court.

On April 14, 2026, this Court issued a minute order directing the Parties to confer and file a joint status report. [ECF No. 119]. The Parties filed their Joint Status Report on April 27, 2026, advising the Court that all Parties agree that discovery should be stayed pending resolution of the Motions to Dismiss. [ECF No. 122]. The Joint Status Report further stated that "if the Court would prefer that the parties jointly file a motion requesting such a stay, the parties will do so." [*Id*.]. This Joint Motion is filed in response to the Court's indication that a formal motion is required.

## IV.    LEGAL STANDARD

"The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings." *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 05-cv-01934-LTB-

- 3 -

4903-7947-9207.1

PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). However, Rule 26(c) does "permit the court to 'make any order which justice requires to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense.'" *Id.* (quoting Fed. R. Civ. P. 26(c)). Courts have interpreted this language as providing them with the "inherent power to stay proceedings 'to control the disposition of the causes on its docket with economy of time and effort for itself, counsel, and for litigants.'" *Ellis v. J.R.'s Country Stores, Inc.*, No. 12-cv-01916-CMA-KLM, 2012 WL 6153513, at *1 (D. Colo. Dec. 11, 2012) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (recognizing that docket management "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance")).

In evaluating a motion for stay, courts will consider, "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *String Cheese Incident*, 2006 WL 894955, at *2.

## V.    ARGUMENT

This case presents compelling circumstances for a stay. Most significantly, all Parties agree that a stay is appropriate—a point that fundamentally distinguishes this motion from the prior contested motions to stay. When the party with the strongest interest in opposing a stay—the Plaintiff—itself agrees that a stay is warranted, the Court may comfortably conclude that the *String Cheese* factors support the requested relief. Each factor is addressed in turn below.

### A.    Factor One: Plaintiff's Interest in Proceeding Expeditiously and Potential Prejudice from Delay.

The first *String Cheese* factor considers "plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay." *String Cheese Incident*, 2006 WL 894955, at *2.

Here, Plaintiff itself has agreed that a stay is appropriate. Plaintiff's consent to the stay is a dispositive indication that it will not suffer prejudice from the requested pause in proceedings. When the plaintiff "has not asserted or shown any concrete or specific prejudice that would result from a stay," prejudice is viewed as minimal. *Joshua F. Young v. Colo. Dep't of Corr.*, 2022 U.S. Dist. LEXIS 249951, at *4 (D. Colo. Oct. 25, 2022).[1]

Moreover, the requested stay will inure to Plaintiff's benefit. Resolution of the Motions to Dismiss will narrow the scope of the claims, damages, and parties that will actually be at issue on the merits, thereby conserving Plaintiff's own resources and focusing any future discovery efforts. As this Court has observed, "if minimizing costs is an objective, proceeding with potentially costly document and deposition discovery under the federal rules is not in anyone's interests, especially . . . Plaintiff." *i4 Grp. Consulting, LLC v. Scaled Agile, Inc.*, 2020 LEXIS 208708, at *5 (D. Colo. 2020) (Neureiter, M.J.).[2]

Additionally, this case has already endured approximately seven months of procedural delay attributable to the transfer and retransfer between the District of Colorado and the District of Delaware—during which no substantive progress was possible. Further incremental delay to allow the Court to resolve fully briefed motions will not meaningfully prejudice Plaintiff beyond the delay already incurred through no fault of any party.

Accordingly, the first factor weighs in favor of granting the stay.

### B.    Factor Two: The Burden on Defendants.

The second *String Cheese* factor examines the burden on Defendants if the case is not stayed. Courts in this District recognize that "proceeding with discovery would be wasteful should the Motion [to Dismiss] be granted." *Joshua F. Young*, at *5 (collecting cases). A stay of discovery is "appropriate 'where discovery on all issues of the broad

---

[1] This full case—as downloaded from Lexis Nexis—is already in the record at ECF No. 99-2 at 16-18.

[2] This full case—as downloaded from Lexis Nexis—is already in the record at ECF No. 99-2 at 9-12.

4903-7947-9207.1

complaint would be wasteful and burdensome.'" *i4 Grp.*, at *7.

The burden on Defendants in this case has been extensively documented throughout the prior stay proceedings. The fees and expenses incurred to defend Avila and Paladin alone were approximately $234,585.63 as of June 2025, with projected costs to complete discovery estimated to exceed $400,000 while the Motions to Dismiss remained pending. [ECF No. 111 at 5-6]. The fees and expenses incurred to date to defend Eberhard, Snyder, and HHK are not far off from those incurred defending Avila and Paladin. The document production to date includes an estimated 250,000 documents. These burdens are extraordinary, particularly where no Defendant has yet filed an Answer to any Complaint in this action.

Forcing Defendants to continue to incur substantial litigation costs while dispositive motions that may dispose of the entire case—or at a minimum dispose of certain parties, claims, or issues—remain pending is inequitable. The Motions to Dismiss assert that Plaintiff "cannot legally sustain claims against them based on the core nature of what Plaintiff asserts." Requiring Defendants to litigate a costly case when they may not be legally liable for the issues as alleged is certainly burdensome beyond the ordinary.

Accordingly, the second factor weighs in favor of granting the stay.

### C.    Factor Three: The Convenience to the Court.

The third *String Cheese* factor addresses the convenience to the Court. "With regard to the third factor, it is certainly more convenient for the Court to stay discovery until it is clear that the case or certain claims will proceed." *Keller v. State Farm Mut. Auto. Ins. Co.*, 2023 LEXIS 241110, at *5–6 (D. Colo. 2023)[3]; *see also Joshua F. Young*, at *6 (affirming the same and collecting cases). This Court has likewise recognized that "the Court's interest in judicial economy weighs in favor of granting the stay." *i4 Grp.*, at *10.

"'Neither the Court's nor the parties' time is well-served by being involved in the

---

[3] This full case—as downloaded from Lexis Nexis—is already in the record at ECF No. 99-2 at 19-21.

- 6 -

'struggle over the substance of the suit' when, as here, a dispositive motion is pending.'" *Johnson v. Wingert*, 2018 LEXIS 232467, at *5 (D. Colo. 2018)[4] (quoting *Harris v. United States*, 2010 U.S. Dist. LEXIS 48315, at *1 (D. Colo. 2010)). Thus, "while the Court typically discourages stays of discovery, the Court acknowledges the efficiency and fairness of delaying the proceedings pending resolution of a motion to dismiss that could resolve this matter in its entirety." *Id.*; *see also Williams v. Stewart Title Co.*, 2018 LEXIS 174957, at *10 (D. Colo. 2018) (same).[5]

This factor is particularly compelling given the unique procedural posture of this case. The transfer to Delaware and subsequent retransfer back to this District consumed approximately seven months in which no court could feasibly adjudicate the pending Motions to Dismiss. The motions have now been fully briefed and ripe for eleven months. Granting a stay will allow the Court to resolve these dispositive motions without the added burden of managing ongoing discovery proceedings. If the motions are granted in whole, judgment would enter and no further discovery would be necessary; if denied in whole or in part, Defendants intend to file third-party claims against Fluid for, at least, indemnification and contribution. Fluid's Chapter 7 Bankruptcy Trustee's counsel has assured Defendants that, if Fluid is brought back into the case, the Trustee will once again file a motion to transfer this case to Delaware—risking a repeat of the same procedural disruption that already consumed seven months of this litigation. Staying the case now until the Motions to Dismiss are resolved will prevent this potential cascade of procedural complications and allow all parties to chart an efficient path forward once the Court's dispositive rulings are known.

Accordingly, the third factor weighs strongly in favor of granting the stay.

---

[4] This full case—as downloaded from Lexis Nexis—is already in the record at ECF No. 99-2 at 13-15.
[5] This full case—as downloaded from Lexis Nexis—is already in the record at ECF No. 99-2 at 62-65.

4903-7947-9207.1

**D.      Factor Four: Interests of Non-Parties.**

The fourth *String Cheese* factor considers the interests of persons not parties to the civil litigation. Here, a stay will serve the interests of non-parties.

First, numerous non-party witnesses have already been or are anticipated to be deposed in this matter, including corporate representatives and former employees. Staying the case will relieve these non-parties from the burden of attending potentially lengthy depositions that may prove unnecessary if the Motions to Dismiss are granted.

Second, although this case is brought as a putative class action on behalf of vehicle owners, the putative class members' interests are also served by a stay. The Motions to Dismiss will clarify the scope of this action and the parties, claims, and damages that remain at issue—allowing any future proceedings to be conducted more efficiently and with greater focus for the benefit of all stakeholders. A stay does not extinguish any putative class member's rights; it merely pauses proceedings temporarily while dispositive issues are resolved.

Accordingly, the fourth factor is neutral or weighs slightly in favor of granting the stay.

**E.      Factor Five: The Public Interest.**

The fifth and final *String Cheese* factor examines the public interest. The "public has a significant interest in 'conserving public resources and the efficient functioning of government.'" *Mt. Land Co., LLC v. Greenauer Design Grp., Inc.*, 2024 LEXIS 118319, at *10–11 (D. Colo. 2024) (collecting cases).[6] "Conducting discovery on claims that might later be mooted by a [dispositive motion] ruling obviously is inefficient." *Id.*, at *11.

The public interest in the efficient and just resolution of disputes strongly favors granting an unopposed stay in this case. As courts have held:

> With regard to the fifth and final factor, the Court finds that the
> public's interest in resolving disputes fairly and expeditiously

---

[6] This full case—as downloaded from Lexis Nexis—is already in the record at ECF No. 99-2 at 25-29.

> favors a stay where it is possible that 'unnecessary expenditures of public and private resources on litigation will be minimized,' 'judicial resources will ultimately be conserved by addressing dispositive issues early in the litigation,' and 'both judicial and attorney resources will be conserved by clarifying and resolving disputed legal issues at the earliest possible time.'

*Joshua F. Young*, at \*6-7 (quoting *Samuels v. Baldwin*, No. 14-cv-02588-LTB-KLM, 2015 WL 232121, at \*3 (D. Colo. Jan. 16, 2015)).

The public interest also favors the efficient functioning of the court system. The public has an interest in "the efficient and just resolution of actions pending before the Court, and '[a]voiding wasteful efforts by the Court clearly serves this interest.'" *Ellis*, 2012 WL 6153513, at \*3. Here, imposing a stay will conserve public and private resources by preventing potentially unnecessary discovery on claims that may be wholly or partially dismissed.

Moreover, this case has already consumed significant judicial resources across two federal districts. Allowing the Court to resolve the pending Motions to Dismiss without the concurrent burden of managing discovery will promote the efficient use of judicial resources going forward.

Accordingly, the fifth factor weighs in favor of granting the stay.

## VI.    CONCLUSION

For the foregoing reasons, all five *String Cheese* factors weigh in favor of granting a stay. Defendants jointly and respectfully request that this Court enter an Order staying all proceedings in this action pending the Court's resolution of Defendants' Motions to Dismiss (Dkt. Nos. 84, 85, 86, and 89). Upon resolution of the Motions to Dismiss, the Parties will confer and file a joint status report advising the Court of next steps: if the motions are granted in whole, judgment would enter; if denied in whole or in part, the Parties would confer regarding the next procedural steps.

- 9 -

Respectfully dated this 11th day of May, 2026.

KUTAK ROCK LLP

*O'HAGAN MEYER, PLLC*

By: *s/ Shelby L. Morbach*
Chad T. Nitta, # 31921
chad.nitta@kutakrock.com
Shelby L. Morbach, #55913
shelby.morbach@kutakrock.com
Heather N. Tilley, #54149
Heather.tilley@kutakrock.com
Logan P. Murr, #59693
Logan.murr@kutakrock.com

2001 16th Street
Suite 1800
Denver, CO  80202-5292
Telephone:     (303) 297-2400
Facsimile:     (303) 292-7799

*Attorneys for Defendants HHK Group, LLC, James Eberhard and Jenifer Snyder*

*/s/ William R. Thomas*
William R. Thomas, Esq.
wthomas@ohaganmeyer.com

1331 17th Street, Suite 350
Denver, Colorado 80202
Tel: 303-652-5881

*Attorney for Defendants Thomas Scott Avila and Paladin Management Group, LLC*

- 10 -

# CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of May, 2026, I electronically filed the foregoing

**DEFENDANTS' JOINT MOTION TO STAY** with the Clerk of Court using the CM/ECF

system which will send notification of such filing to the following e-mail addresses:

David C. Holman, Esq.
John K. Crisham, Esq.
Christopher T. Carry, Esq.
Crisham & Holman LLC
2549 West Main Street, Suite 202
Littleton, CO 80120
dave@crishamholman.com
john@crishamholman.com
chris.carry@chrisamholman.com
*Attorneys for Plaintiff*


William R. Thomas, Esq.
Brian R. DeMocker, Esq.
O'Hagan Meyer, PLLC
1331 17th Street, Suite 350
Denver, CO 80202
wthomas@ohaganmeyer.com
bdemocker@ohaganmeyer.com
*Attorneys for Defendant Thomas Scott Avila*

John Chrisman Hawk, Esq.
Womble Bond Dickinson LLP
1899 Wynkoop Street, Suite 750
Denver, CO 80202
John.hawk@wbd-us.com

Laura D. Jones, Esq.
David M. Bertenthal, Esq.
Timothy P. Cairns, Esq.
Pachulski Stang Ziehl & Jones LLP
919 North Market St, 17th Floor
P.O. Box 8705
Wilmington, DE 19899
ljones@pszlaw.com
dbertenthal@pszlaw.com
tcairns@pszlaw.com

*Attorney for Fluid Market, Inc. and Fluid Fleet Services LLC*



*s/ Shelby L. Morbach*
Shelby L. Morbach
KUTAK ROCK LLP
2001 16th Street, Suite 1800
Denver, CO 80202
Tel: 303-292-7842
Shelby.morbach@kutakrock.com

4903-7947-9207.1